**UNITED STATES OF AMERICA**
**MERIT SYSTEMS PROTECTION BOARD**

MOHIT PAWAN CHOPRA, M.D.,
     Appellant,

     v.

DEPARTMENT OF VETERANS
    AFFAIRS,
     Agency.

DOCKET NUMBER
PH-1221-16-0107-W-2

DATE: February 7, 2024

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

<u>Sheilah F. McCarthy</u>, Esquire, Wayland, Massachusetts, for the appellant.

<u>M. Creston Rice</u>, Esquire, Bedford, Massachusetts, for the agency.

**BEFORE**

Cathy A. Harris, Vice Chairman
Raymond A. Limon, Member

**FINAL ORDER**

The appellant has filed a petition for review of the initial decision, which denied corrective action in his individual right of action (IRA) appeal. Generally, we grant petitions such as this one only in the following circumstances: the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review. Except as MODIFIED to VACATE the administrative judge's alternative finding, we AFFIRM the initial decision.

## BACKGROUND

The appellant, a psychiatrist, served in a series of consecutive temporary appointments beginning in July 2008, with his last scheduled to expire on July 5, 2014. *Chopra v. Department of Veterans Affairs*, MSPB Docket No. PH-1221-16-0107-W-1, Initial Appeal File (IAF), Tab 4 at 57-59. Effective January 3, 2013, the agency terminated his appointment after he made statements expressing his desire to physically harm Dr. G, a psychiatrist with management responsibility over the Community Living Center, one of the agency facilities where the appellant worked. IAF, Tab 4 at 60-78, 113. The appellant thereafter filed a complaint with the Office of Special Counsel (OSC) in which he contended that the termination constituted reprisal for whistleblowing and, when OSC notified him that it was closing its investigation, he filed this appeal. IAF, Tab 1 at 11-22, 36-37.

On appeal, the appellant alleged that he disclosed that patients were being mistreated in the Community Living Center to Dr. G, and later to Dr. B, the Chief of Psychiatry (Chief). After a hearing, the administrative judge issued an initial decision finding that the appellant exhausted his administrative remedies before

OSC and showed by preponderant evidence that he made a protected disclosure. *Chopra v. Department of Veterans Affairs*, MSPB Docket No. PH-1221-16-0107-W-2, Appeal File (W-2 AF), Tab 25, Initial Decision (ID) at 7-9. He also found, however, that the appellant failed to prove that either the Chief or the deciding official—the Medical Center Director—were aware of the appellant's disclosures. ID at 10-12. He concluded that the appellant failed to prove that his protected activity was a contributing factor in his removal. ID at 12. He denied the appellant's request for corrective action. ID at 1, 15.

The appellant petitions for review of the initial decision. Petition for Review (PFR) File, Tab 2. The agency responds to the petition for review and the appellant replies to the agency's response. PFR File, Tabs 4-5.

## ANALYSIS

To prevail in an IRA appeal, an appellant must prove by preponderant evidence that his disclosure was a contributing factor in a personnel action. *Scoggins v. Department of the Army*, 123 M.S.P.R. 592, ¶ 21 (2016). The term "contributing factor" means any disclosure that affects an agency's decision to threaten, propose, take, or not take a personnel action regarding the individual making the disclosure. *Id.* The most common way of proving contributing factor is the "knowledge/timing test." *Id.* Under that test, an appellant can prove that his disclosure was a contributing factor in a personnel action through evidence that the deciding official taking the action knew of the disclosure and took the personnel action within a period of time such that a reasonable person could conclude that the disclosure was a contributing factor in the personnel action. *Id.* Once an appellant has satisfied the knowledge/timing test, he has demonstrated that a protected disclosure was a contributing factor in a personnel action. *Id.*

There is no dispute that the appellant has satisfied the timing prong of the knowledge/timing test. As to the knowledge prong, the administrative judge found, and the appellant does not contest, that the Medical Center Director, the

deciding official in the appellant's termination, had no actual knowledge of the appellant's protected activity. ID at 11-12. Even if the Director had no knowledge of the appellant's protected activity, however, the appellant could establish constructive knowledge by demonstrating that someone with actual knowledge influenced the deciding official. *Dorney v. Department of the Army*, 117 M.S.P.R. 480, ¶ 11 (2012). Here, the appellant's first theory of constructive knowledge centers on the Chief, who recommended to the Director that the appellant be terminated. IAF, Tab 21, Hearing Transcript (HT) at 201 (testimony of the Chief).[2] The Chief testified that he was unaware of the appellant's protected activity until after the appellant was terminated. HT at 224 (testimony of the Chief). In contrast, the appellant testified that he made his disclosures to the Chief in an in-person one-on-one meeting several months prior to the termination. HT at 37-46 (testimony of the appellant). The administrative judge found the Chief more credible than the appellant and concluded that the Chief had no knowledge of the appellant's protected activity. ID at 9.

The appellant's second theory of constructive knowledge is based on the allegation that Dr. G, who clearly was aware of the appellant's whistleblowing, influenced the Director's decision via the recommendation of the Chief of Employee and Labor Relations (ELR Chief). PFR File, Tab 2 at 30. Dr. G testified that he had no discussions with the Director about the appellant's case, HT at 181 (testimony of Dr. G), and neither party asked during the Director's testimony whether the Director had any discussions with Dr. G about the appellant. The ELR Chief testified that, during the general timeframe that he was drafting a disciplinary recommendation relating to the appellant, he had a meeting with Dr. G. HT at 298 (testimony of the ELR Chief). Dr. G did not recall this meeting but admitted that it might have happened when he was shown documentation that the meeting occurred. HT at 177, 181 (testimony of Dr. G).

_____

[2] The hearing compact disc is located in the case file at IAF, Tab 21. The hearing transcript is located in its own separate folder without a particular "Tab" designation.

The ELR Chief testified that the purpose of the meeting was to discuss the impact, if any, of the appellant's alleged misconduct on Dr. G.[3]  HT at 298 (testimony of the ELR Chief).  He further testified that he did not ask Dr. G what consequences should derive from the appellant's alleged misconduct and did not know Dr. G's opinion of the matter.  *Id.*

The appellant contends on review that an email from the ELR Chief to the Director and others shows that Dr. G had input into the ELR Chief's recommendation, which, in turn, influenced the Director's decision.  PFR File, Tab 2 at 30.  However, the email in question is entirely consistent with the ELR Chief's testimony in that it shows that Dr. G was asked about the impact on him of the appellant's alleged misconduct but does not show that Dr. G's opinion about any disciplinary action was solicited or volunteered.  IAF, Tab 8 at 95-96.  The administrative judge found that the ELR Chief's testimony was credible, and he concluded that the appellant failed to show that the ELR Chief had any undue influence on the Director's decision.  ID at 11-12.

The appellant contends that the administrative judge's credibility findings fail to meet the standard set forth in *Hillen*.[4]  PFR File, Tab 2 at 14-23.  Although the administrative judge's credibility findings are somewhat lacking in detail, the administrative judge's credibility findings were firmly rooted in the witnesses' demeanor.    The    Board    defers    to    an    administrative    judge's    credibility

---

[3] The appellant allegedly made threatening statements directed towards Dr. G, and Dr. G's reaction to those alleged statements would be relevant both to the particular charge against the appellant and the penalty imposed.

[4] To resolve credibility issues, an administrative judge must identify the factual questions in dispute, summarize the evidence on each disputed question, state which version he believes, and explain in detail why he found the chosen version more credible, considering factors such as the following:  (1) the witness's opportunity and capacity to observe the event or act in question; (2) the witness's character; (3) any prior inconsistent statement by the witness; (4) a witness's bias, or lack of bias; (5) the contradiction of the witness's version of events by other evidence or its consistency with other evidence; (6) the inherent improbability of the witness's version of events; and (7) the witness's demeanor.  *Hillen v. Department of the Army*, 35 M.S.P.R. 453, 458 (1987).

determinations when they are based, explicitly or implicitly, on observing the demeanor of witnesses testifying at a hearing. *Haebe v. Department of Justice*, 288 F.3d 1288, 1301 (Fed. Cir. 2002). The appellant has identified several minor inconsistencies between the Chief's hearing testimony and his prior statements concerning a report from the Employee Assistance Program (EAP), such as whether the report was in writing or oral, and what date he received the report. PFR File, Tab 2 at 17-18. He also argues that a retaliatory motive can be imputed to the Chief because the Special Counsel found the matters revealed in the appellant's disclosure to be egregious and the Chief was ultimately responsible for the shortcomings the appellant identified. PFR File, Tab 2 at 18-19. The appellant's argument about the Chief's motive is speculative, and minor differences between his testimony and his prior statements about the EAP report do not call his credibility as a whole into question. *See Craft v. Department of Veterans Affairs*, 78 M.S.P.R. 374, 380 (1998) (holding that, even if a witness is not credible on one point, it does not necessarily mean that the remainder of his testimony lacks credibility). The Board may overturn demeanor-based credibility determinations only when it has "sufficiently sound" reasons for doing so. *Haebe*, 288 F.3d at 1301. The Board will not overturn an administrative judge's demeanor-based credibility findings merely because it disagrees with those findings. *Leatherbury v. Department of the Army*, 524 F.3d 1293, 1304 (Fed. Cir. 2008). The minor inconsistencies identified by the appellant do not rise to the level of "sufficiently sound" reasons for overturning the administrative judge's credibility findings.

The appellant also contends on review that the administrative judge erred by denying his motion to compel discovery of electronically stored information that might have provided proof that the meeting took place. PFR File, Tab 2 at 23-26. The administrative judge denied the motion on the basis of the agency's representation that the documents did not exist and the appellant's failure to present any evidence to the contrary. W-2 AF, Tab 8. The appellant on review

has not provided any reason to believe that the documents exist. We find, therefore, that the appellant has failed to show that the administrative judge abused his discretion.

The appellant contends that the administrative judge erred by excluding the EAP Counselor as a witness to impeach the Chief's testimony. PFR File, Tab 2 at 27. We agree with the administrative judge that the witness was irrelevant. The appellant could have impeached the Chief's expected testimony at the hearing but instead chose not to broach the topic of the disputed meeting at all. Again, the appellant has not shown that the administrative judge abused his discretion.

The appellant also alleges that the administrative judge erred by excluding post-termination evidence of the Chief's purported retaliatory motive in the form of his reaction, if any, to a news article published some 18 months after the appellant's termination. *Id.* at 27-29. We agree with the administrative judge that this evidence is irrelevant. The article does not appear to be in the record, so we do not know whether it identifies the appellant. If not, the best the appellant could hope for is an admission that the Chief harbored a motive against an anonymous whistleblower, and this would not help his case. Moreover, it would not rebut the evidence showing that he did not know at the time of the appellant's removal that the appellant had made protected disclosures. We find that the administrative judge correctly found that the appellant failed to show that the relevant managers had either actual or constructive knowledge of his protected disclosures and that he failed to meet the knowledge/timing test.

The knowledge/timing test is not the only way an appellant can establish that his protected disclosures were a contributing factor in the agency's decision to take a personnel action against him. If an administrative judge determines that an appellant has failed to satisfy the knowledge/timing test, he must consider other evidence, such as evidence pertaining to the strength or weakness of the agency's reasons for taking the personnel action, whether the whistleblowing was

personally directed at the proposing or deciding officials, and whether these individuals had a desire or motive to retaliate against the appellant. *See Dorney,* 117 M.S.P.R. 480, ¶ 15. Any weight given to a whistleblowing disclosure, either alone or in combination with other factors, can satisfy the contributing factor standard. *Id.*

Here, based on the reasoning set forth in the initial decision, with which we agree, we find that the agency's evidence in support of its action was strong. ID at 13-14. The record shows that, during two meetings on December 10, 2012, the appellant stated that he had fantasies about hurting Dr. G and that he wanted to "crack his skull open." IAF, Tab 4 at 13-14. The appellant made these statements twice, they were witnessed by four separate people, and he admitted at the hearing that he made them. *Id.* at 68-71, 73; HT at 57, 109-10 (testimony of the appellant), 192 (testimony of the Chief), 236, 253 (testimony of Dr. K). The agency contacted agency police and the agency's Suicide Prevention Office, and referred the appellant to the Employee Assistance Program. IAF, Tab 4 at 68, 70, 74, 109. It also placed the appellant on administrative leave, required him to check in with agency police before entering agency premises, and terminated his employment less than a month after he made his statements. *Id.* at 70, 73-74, 111.

The appellant also has not shown any motive on the part of the deciding official.[5] As noted above, the administrative judge found, based on his assessment of the witnesses' credibility, that the appellant failed to show that anyone with knowledge of the appellant's protected disclosure influenced the deciding official. ID at 11-12. The Board has held that an administrative judge's credibility findings are virtually unreviewable on review. *Baker v. Social Security Administration,* 2022 MSPB 27, ¶ 30; *Thomas v. U.S. Postal Service,* 116 M.S.P.R. 453, ¶ 5 (2011). In addition, the deciding official testified that, after the appellant's termination, he heard that the appellant had contacted OSC,

---

[5] There was no proposing official.

but he knew little about it. HT at 313 (testimony of the deciding official). He understood that the OSC contact related to staffing levels in the nursing home psychiatry department but that "every Service [in] this hospital thinks that it's understaffed, every single one of them." *Id.* The appellant did not elicit any testimony from the deciding official concerning his disclosure, as opposed to his contact with OSC, and there is no evidence of record concerning the deciding official's attitude toward it. The disclosure was not personally directed at the deciding official, and his testimony concerning complaints about understaffing did not reflect a retaliatory attitude generally.

In sum, we find that the appellant has not shown by preponderant evidence that other evidence supports a finding in this case that his disclosures were a contributing factor in his suspension. Based on the foregoing, we affirm the initial decision as modified herein.[6]

## NOTICE OF APPEAL RIGHTS[7]

The initial decision, as supplemented by this Final Order, constitutes the Board's final decision in this matter. 5 C.F.R. § 1201.113. You may obtain review of this final decision. 5 U.S.C. § 7703(a)(1). By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file. 5 U.S.C. § 7703(b). Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not

---

[6] The administrative judge found, in the alternative, that the agency proved by clear and convincing evidence that it would have terminated the appellant absent any protected activity. ID at 12-15. Following passage of the Whistleblower Protection Enhancement Act of 2012, Pub. L. No. 112-199, § 114(b), 126 Stat. 1465, 1472, the Board may not proceed to the clear and convincing evidence test unless it has first made a finding that the appellant established his prima facie case. Thus, we vacate that portion of the initial decision. *See Scoggins*, 123 M.S.P.R. 592, ¶ 28.

Finally, we have reviewed the relevant legislation enacted during the pendency of this appeal and have concluded that it does not affect the outcome of the appeal.

[7] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions. As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction. If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements. Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case. If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) Judicial review in general**. As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be received by the court within **60 calendar days** of the date of issuance of this decision. 5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at

http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2) Judicial or EEOC review of cases involving a claim of discrimination**. This option applies to you only if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination. If so, you may obtain judicial review of this decision—including a disposition of your discrimination claims—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** after you receive this decision. 5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. 420 (2017). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** after your representative receives this decision. If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security. *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of your discrimination claims only, excluding all other issues. 5 U.S.C. § 7702(b)(1). You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** after you receive this decision. 5 U.S.C. § 7702(b)(1). If you have a representative in this case,

and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** <u>after your representative receives</u> this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C.  20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C.  20507

**(3) <u>Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012</u>**.  This option applies to you <u>only</u> if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D). If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[8]  The court of appeals must <u>receive</u> your petition for

---

[8] The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017.  The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017.  Pub. L. No. 115-195,

review within **60 days** of <u>the date of issuance</u> of this decision.   5 U.S.C. § 7703(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

---

132 Stat. 1510.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

FOR THE BOARD:                    _____
                                  Gina K. Grippando
                                  Clerk of the Board

Washington, D.C.